Betty K. Kennington v. Frances Lorraine Robertson
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-234-CV

     BETTY K. KENNINGTON,
                                                                              Appellant
     v.

     FRANCES LORRAINE ROBERTSON,
                                                                              Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # 249-268-92 
                                                                                                                

O P I N I O N
                                                                                                                

      The trial court granted a judgment in favor of Frances Lorraine Robertson declaring that a
judgment lien from Parker County has not attached to Robertson’s homestead property in Johnson
County. Betty K. Kennington appeals in three points of error. We affirm.
      When findings of fact are filed they occupy the same position and are entitled to the same
weight as the verdict of a jury.


 Because neither party has challenged the trial court’s findings
of fact by points of error, they are binding on this court.


 The trial court made the following
relevant findings of fact: 
      4.   Defendant, BETTY KENNINGTON, obtained a judgment against Plaintiff,
FRANCES LORRAINE ROBERTSON, in Cause No. 32,461 in the 43rd Judicial 
District Court of Parker County, Texas on March 29, 1990.
      5.   After obtaining the Parker County Judgment, Defendant filed an abstract of 
that judgment in the Real Property Records of Johnson County, Texas claiming a lien
against any real property owned by Plaintiff.
      6.   The Abstract of Judgment is a cloud on the title of Plaintiff’s land which
impairs its marketability, and presents a justiciable controversy or uncertainty under the
Uniform Declaratory Judgments Act.
      7.   On the date Defendant obtained her judgment in Parker County, on the date
Defendant abstracted said judgment in the Real Records of Johnson County, Texas and
at all times since said dates, Plaintiff has been the titled owner of 29.5 acres in fee
simple, being a part of Hugh R. McClure survey. . . .
      8.   The judgment obtained by Defendant against Plaintiff in the Parker County
District Court was for money loaned by Defendant to Plaintiff and her husband, Leroy
Kirk, who was also the brother of Defendant, and spent by them for living expenses.
      9.   On April 10, 1986, Plaintiff, at the suggestion of her banker since he would 
not loan her money on her homestead, conveyed all of her interest in 7.87 acres out of
her 29.5 acres tract of land in Johnson County to Defendant for $25,000.00 cash in the
form of a loan from the bank to Defendant.
      10. All payments on the $25,000.00 note of Defendant to the bank, First National
Bank in Joshua, Texas, were paid by Plaintiff by agreement of the parties.
      11. On April 22, 1987, the 7.87 acres out of Plaintiff’s 29.5 acres were
reconveyed to Plaintiff by Defendant by agreement of the parties.
      12. Plaintiff did not agree to repay any sum of money to Defendant for
reconveyance of the 7.87 acres to her.
      13. At all times relevant hereto, Plaintiff has resided and continues to reside on her 
29.5 acres as her homestead.

      In point one Kennington contends that the trial court erred in failing to apply the principles
of equity to Robertson’s request for a declaratory judgment. In her argument and authorities under
point one, Kennington never specifies what equitable principles she would have the trial court
apply. Furthermore, in its findings of facts and conclusions of law, the trial court concluded,
“Defendant has failed to prove facts that would give rise to the imposition of an equitable or
implied vendor’s lien against any part of Plaintiff’s land, including the 7.87 acres.” (Emphasis
added). Based on this conclusion of law, and in light of the unchallenged findings of fact, it is
apparent that the trial court did in fact consider, but rejected, Kennington’s attempt to subject
Robertson’s homestead to an equitable lien. Finally, although Kennington also argues under point
one that a declaratory judgment action may not be used to “interpret” a prior judgment, we are
unable to determine how that argument supports or otherwise relates to the point of error raised.


 
Therefore, we overrule Kennington’s first point.
      In point two Kennington contends that the trial court erred in failing to recognize the validity
of her implied vendor’s lien securing her interest in the land. When no express lien is reserved
in a deed and the purchase money is not paid, a lien nevertheless arises by implication in favor of
the vendor to secure payment of the purchase money.


 However, the trial court found that
Robertson did not agree to repay the debt to Kennington, which was later reduced to judgment in
the Parker County suit, as consideration for reconveyance of the 7.87-acre portion of Robertson’s
homestead to her. Kennington has not challenged this finding of fact. Instead, relying upon the
Parker County judgment and a bankruptcy order discharging Robertson of all existing debts,
except debts determined nondischargeable, Kennington argues that the doctrines of res judicata,
collateral estoppel, and estoppel by judgment precluded the trial court from finding that Robertson
did not agree to repay the loan in consideration of the reconveyance. However, the doctrines of
res judicata and estoppel are affirmative defenses that must be pleaded and proved.


 Not only does
Kennington fail to raise these affirmative defenses in her answer, her proof relating to the former
judgments is inadequate to establish such an affirmative defense. The Parker County judgment
is merely a money judgment for the debt owed—the district court in Parker County denied
Kennington’s requested relief seeking a rescission of the reconveyance as fraudulent. Likewise,
the bankruptcy order discharging Robertson’s debts contains an exception for judgments obtained
with respect to debts determined nondischargeable by the Bankruptcy Court on the basis of fraud;
but the record in this cause does not contain any such determination by the bankruptcy court
relating to the Parker County judgment. Because Kennington has failed to plead and prove any
affirmative defense sufficient to overcome the unchallenged finding that repayment of the loan was
not made in consideration of the reconveyance, we overrule point of error two.
      In point three Kennington contends that the trial court erred in “allowing testimony from
Robertson to vary the terms of two prior judgments.” Under point three Kennington points to
Robertson’s testimony on redirect examination:
            Q   Were you sued for this $12,000 that you and Leroy had borrowed on these two
      occasions?
 
            A   That was my understanding of the suit.
 
            Q   Was that what the testimony was about?
            A   Yes, sir.
            Q   Was that what you were ordered to pay?
            A   Yes, sir. I was ordered to pay part of it.
            Q   Part of it. Were you ordered to pay the part that was deposited into y’all’s
      joint checking account?
 
            A   Yes, sir.
 
            Q   Were you ordered to pay any part of it that Leroy took that you didn’t know
      where it went?
 
            A   No, sir.

                  [Kennington’s counsel]: Your honor, we would object to any attempt to vary
      the tems of the Judgment by testimony that would alter it. The judgment speaks for
      itself and cannot be varied or altered by parol evidence.

                  [Robertson’s counsel]: I’m not trying to vary anything. It’s clear on it’s face.
      There’s a lot of questions as to what all this money was for. So, you know, if you’re
      going to have that objection, we object to the whole lawsuit. Basically, that’s what the
      whole lawsuit was about: what the money’s for.

                  THE COURT: I’m going to overrule the objection.
 
                  [Robertson’s counsel]: Pass the witness.

      Again, we not that the judgment from the district court in Parker County was merely a money
judgment for a debt, which, in this Johnson County declaratory judgment suit, Kennington
attempted to characterize as purchase money for the reconveyance to Robertson. We fail to see
how Robertson’s testimony “varies” the “terms” of the Parker County judgment—that
“[Kennington] is entitled to recover of and from [Robertson] the sum of $11,529.00 as her actual
damages.” Furthermore, Kennington has failed to demonstrate how any error in the admission
of Robertson’s testimony affected a substantial right.


 Kennington’s contention at trial was that
Robertson fraudulently induced Kennington to reconvey the property by promising to repay the
$12,000 borrowed from Kennington, plus interest. Robertson’s testimony that a portion of the
money originally borrowed from Kennington was taken by Robertson’s former husband rather than
deposited into their joint checking account has no effect on the factual issues upon which
Kennington’s fraud claim was based. Finding that the trial court did not err in overruling
Kennington’s objection to Robertson’s testimony, we overrule point of error three.
      We affirm the judgment.
 
                                                                         BOBBY L. CUMMINGS
                                                                         Justice

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed April 27, 1994
Publish